STATE of Maine

v.

Shawn HARPER.

Supreme Judicial Court of Maine.

Argued Jan. 2, 1990.

Decided Jan. 25, 1990.

Janet Mills, Dist. Atty., Patricia Mador (orally), Deputy Dist. Atty., Farmington, for plaintiff.

William Maselli (orally), Andover, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Shawn Harper appeals from a judgment of the Superior Court (Franklin County, *Bradford, J.*) entered on a jury verdict finding him guilty of operating a motor vehicle on February 14, 1988 while under the influence of alcohol (29 M.R.S.A. § 1312–B(1)(A) (Supp.1987)). Pursuant to section 1312–B(1–A) [1] Harper was charged with operating a motor vehicle while intoxicated by the alternative means set forth in sections 1312–B(1)(A) and (B). Both means by which the alleged offense could be committed were submitted to the jury. The jury found Harper guilty of operating a motor vehicle while under the influence of intoxicating liquor, section 1312–B(1)(A), but could not reach a verdict on driving with a blood-alcohol content of .10% or more, section 1312–B(1)(B). Harper contends that the trial court erred by its denial of his motion for a mistrial and in the

---

1. 29 M.R.S.A. § 1312–B (Supp.1987) provided in relevant part:

Criminal violation of operation under the influence of intoxicating liquor or drugs with an excessive blood-alcohol level; penalties

1. Offense. A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle:

A. While under the influence of intoxicating liquor or drugs or a combination of liquor and drugs; or

B. While having 0.10% or more by weight of alcohol in his blood.

1–A. Pleading and proof. The alternative defined in subsection 1, paragraphs A and B may be pleaded in the alternative. The State may, but shall not be required to, elect prior to submission of [sic] the fact finder.

Since the date of the charged offense, section 1312–B(1)(B) has been amended by P.L.1987, ch. 791, § 8, effective August 4, 1988, to substitute .08% for 0.10%.

**1108**

court's instructions to the jury. We affirm the judgment.

■ At the trial, an analytical chemist testified for the State that the initial breath test result produced a blood-alcohol content of .167%, the second breath test a result of .71%, with a .69% average of the two tests. During a recess of the trial, Harper moved for a mistrial on the ground that the chemist's incorrect reporting of the second test result was irremediably prejudicial to him. On voir dire, the chemist stated she had misread her notes and that the second test result was .17% and the correct average of the tests was .16%. The trial court then denied Harper's motion for a mistrial and permitted the chemist to testify before the jury that a review of her notes disclosed that the second test resulted in .17% and the average of the two tests was .16%.

■ We have frequently stated that a motion for a mistrial is addressed to the sound discretion of the trial court and its ruling must stand in the absence of a clear abuse of discretion. *State v. Baker*, 423 A.2d 227, 231 (Me.1980). The trial court's refusal to grant a mistrial represents an abuse of discretion only when there is a reasonable possibility that objectionable evidence might have been a factor contributing to a guilty verdict. *State v. Hilton*, 431 A.2d 1296, 1302 (Me.1981). On the record in this case we are unable to conclude that the chemist's mistaken reading of the second test results and the average of the two tests, which was almost immediately corrected by that witness, gave rise to such prejudicial circumstances as to require a mistrial.

In support of his second contention, Harper argues that by the trial court's instructions the jury was led to believe that Harper was charged with two separate offenses rather than a single offense with alternative methods of proof, thus violating the double jeopardy and due process provisions of the United States and Maine Constitutions. We disagree.

We have clearly held that subdivisions A and B of 29 M.R.S.A. § 1312–B(1) provide *alternative means of proving the single crime* of operating a motor vehicle while intoxicated, involving a single criminal charge, a single trial, a single verdict, and, if found guilty, a single sentence. *See State v. Clark*, 462 A.2d 1183, 1184 (Me. 1983). We review a trial court's instructions to a jury as a whole, taking into consideration the total effect created by all the instructions and the potential for misunderstanding by the jury. *State v. Cote*, 462 A.2d 487, 490 (Me.1983).

■ Here, although the instructions may have been somewhat lacking in clarity, our review of all the instructions given by the trial court discloses that the jury was properly advised that Harper was charged with the single offense of operating a motor vehicle while intoxicated which would require only a single verdict, and the State could prevail if it established beyond a reasonable doubt that Harper had operated a motor vehicle either with excessive blood alcohol or while under the influence of intoxicating liquor. *See State v. Pickering*, 462 A.2d 1151, 1156–57 (Me.1983). We find no reversible error in the trial court's instructions. Harper's claim of double jeopardy and a denial of due process cannot be maintained.

The entry is:

Judgment affirmed.

All Concurring.