**STATE of Maine**

v.

**Warren PARSONS.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 12, 1993.

Decided June 10, 1993.

R. Christopher Almy, Dist. Atty. and Jeffrey M. Silverstein, Asst. Dist. Atty., Bangor, for the State.

John Bunker, Paine, Lynch & Harris, PA, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN, COLLINS and DANA, JJ.

CLIFFORD, Justice.

Defendant Warren Parsons appeals his judgments of conviction on seven counts of gross sexual misconduct, 17-A M.R.S.A. § 253 (Supp.1988),[1] following a jury trial in the Superior Court (Penobscot County, *Smith, J.*). He contends that the court improperly instructed the jury, that the jury considered matters outside the scope of the evidence, that the evidence was insufficient to convict him, and that the court placed him on probation for a longer period of time than the applicable sentencing statute allowed. The State asserts that the court erroneously granted Parsons' motion for a judgment of acquittal on Count I following the jury's guilty verdict and seeks to have the verdict reinstated. Finding no merit in Parsons' contentions concerning his trial, we affirm the convictions. We agree, however, that on Counts II and III the court sentenced Parsons to a longer period of probation than the pertinent statute allowed, and we therefore modify his sentences on those counts. Because an appeal was not properly perfected by the State, we do not address the State's assertion of error.

The jury heard the following facts. Parsons resided with his two daughters, both of whom were under fourteen years of age, following the dissolution of his marriage to the girls' mother in 1984. At first the three lived at the home of Parsons' mother, but in the spring of 1985 they moved to their own residence. Shortly after the move, Parsons began to sexually abuse his

---

1. The statute applicable to Parsons' conduct provided:

A person is guilty of gross sexual misconduct
1. If he engages in a sexual act with another person, and . . .

B. The other person, not his spouse, has not in fact attained his 14th birthday[.]

17-A M.R.S.A. § 253 (Supp.1988), *amended by* P.L.1989, ch. 401, § A, 4.

daughters. The abuse continued until November 1988 when Parsons' girlfriend moved into the home. In June 1989, the girls went to live with their mother, and eventually told their mother and stepfather about the abuse, explaining that they had not earlier disclosed their father's actions because of threats he had made to them.

Parsons was indicted on nine counts of gross sexual misconduct spanning the time period from July 1985 through November 1988. A jury found him guilty on all nine counts, but the court later granted Parsons' motion for a judgment of acquittal on two counts. Parsons' appeal challenges his conviction on the remaining seven counts. The State's assertion of error is directed to the court's entry of a judgment of acquittal on Count I.[2]

### DEFENDANT'S APPEAL

Parsons first contends that an error in the court's instruction on the definition of "sexual act" requires that the judgments of conviction be vacated. Because he made no objection to the instruction as given, we review his claim for obvious error affecting substantial rights. *State v. White*, 570 A.2d 823, 825 (Me.1990); M.R.Crim.P. 52(b). A change in the statutory definition of "sexual act" occurred during the time period covered by the indictment. Therefore, two definitions applied to Parsons' conduct. The earlier definition read in relevant part:

> "Sexual act" means any act *of sexual gratification* between 2 persons involving direct physical contact between the sex organs of one and the mouth or anus of the other or direct physical contact between the sex organs of one and the sex organs of the other.

17–A M.R.S.A. § 251(1)(C) (1983) (emphasis added). When in 1985 the legislature changed the definition, the words "of sexual gratification" were deleted. *See* P.L.

1985, ch. 495 (effective Sept. 19, 1985). In defining sexual act for the jury, the court included the words "of sexual gratification." Parsons contends that it was error for the court to fail to distinguish between the two definitions. Because the definition given by the court placed a greater burden on the State than the law imposed after the definition was changed, any error inured to Parsons' benefit. Accordingly, there was no obvious error in the court's jury instruction.

Next Parsons contends that several notes sent out by the jury during its deliberations indicate it considered matters outside the evidence in reaching a verdict. We disagree. It is true that objective irregularities, such as extraneous information acquired by jurors during a trial through unauthorized communications, can be shown by the defendant as an indication that a verdict is invalid. *See State v. Royal*, 590 A.2d 523, 524 (Me.1990). The jury notes in this case inquired, among other things, whether the Department of Human Services would have removed the girls from their father's home if the Department suspected child abuse,[3] whether a psychologist had interviewed the girls or their father, and whether Parsons would be retried if a unanimous verdict was not reached. The court instructed the jury to concern itself only with the evidence it had heard. Those notes and the court's appropriate responses to them demonstrate neither unauthorized communications nor the jury's acquisition of extraneous information. Therefore, Parsons' claim that the jury considered matters outside the evidence must fail.

There is also no merit in Parsons' contention that the evidence was insufficient to convict him. A review of the record indicates there was sufficient evidence on each of the seven counts for a jury rationally to find beyond a reasonable

---

**2.** Because the State agreed with the court that there was insufficient evidence to support a finding of guilt on Count VIII, the State has not challenged the entry of a judgment of acquittal on that count.

**3.** There was testimony that a neighbor had reported to the Department of Human Services the possible abuse of the girls. The Department sent someone to investigate, but the girls denied any abuse was occurring. The girls explained that they denied the abuse because of threats made by their father.

doubt every element of the offense charged. *State v. Barry*, 495 A.2d 825, 826 (Me.1985).

■ We agree with Parsons, however, that a portion of his sentence relating to the imposition of probation must be modified.[4] For the seven counts on which he was convicted, Parsons was given concurrent sentences of imprisonment for a period of ten years, with all but six years suspended, followed by six years of probation. 17–A M.R.S.A. § 1202(1) (Supp.1992) sets forth the maximum number of years of probation to which a defendant may be sentenced for the various classes of crimes. That section presently authorizes a maximum of six years' probation for a Class A offense such as that committed by Parsons. Prior to August 29, 1986, section 1202(1) authorized a maximum of three years' probation for a Class A offense. Two of the counts for which Parsons stands convicted alleged criminal conduct occurring prior to August 29, 1986. As we stated in *State v. Hardy*, 489 A.2d 508, 512 (Me.1985), "[p]unishment is incurred at the time of the wrongful act, as opposed to when ultimate liability for the act is imposed. Thus, the wrongdoer must be punished pursuant to the law in effect at the time of the offense." Accordingly, because the conduct alleged in Counts II and III occurred at a time when the probation statute authorized a maximum of three years' probation, we modify Parsons' sentence on those counts to specify three years of probation following the completion of his term of imprisonment.

### STATE'S ASSERTION OF ERROR

■ Without having filed a notice of appeal, the State seeks to have this court vacate the judgment of acquittal on Count I, which, the State asserts, was erroneously entered by the court in response to Parsons' post-trial motion for a judgment of acquittal. We do not reach the merits of this contention, however, because the State did not properly perfect an appeal in accordance with the provisions of 15 M.R.S.A. § 2115–A (1980 & Supp.1992), the statute authorizing appeals by the State. Subsection 1 of section 2115–A concerns appeals prior to trial and subsection 2 deals with post-trial appeals after a finding of guilt.[5] Except for appeals taken pursuant to subsection 3, the State must file its notice of appeal within 20 days in accordance with the Maine Rules of Criminal Procedure. 15 M.R.S.A. §§ 2115–A(4) & (7). M.R.Crim.P. 37B and 37(b) require the State, when appealing to the Law Court, to file a notice of appeal, accompanied by the written approval of the Attorney General. Subsection 3 of section 2115–A describes what the State may do when a defendant takes an appeal. It provides:

**When defendant appeals.** When the defendant appeals from a judgment of conviction, it is not necessary for the State to appeal. It may argue that error *in the proceedings at trial* in fact supports the judgment. The State may also establish that error harmful to it was committed *prior to trial* or *in the trial* resulting in the conviction from which the defendant has appealed, which error should be corrected in the event that the law court reverses on a claim of error by the defendant and remands the case for a new trial. If the case is so reversed and remanded, the law court shall also order correction of the error established by the State.

(Emphasis added.)

The State contends that because Parsons took an appeal, it was not required to file a

---

**4.** This claim is cognizable on appeal because it "addresses the legality of the sentence and alleges an infirmity appearing affirmatively from the record." *State v. Parks*, 544 A.2d 1269, 1271 (Me.1988).

**5.** 15 M.R.S.A. § 2115–A(2) (1980) provides:
**Appeals after trial.** An appeal may be taken by the State from the Superior Court or the District Court to the law court after trial and after a finding of guilty by a jury or the court from the granting of a motion for a new trial, from arrest of judgment, from dismissal or from other orders requiring a new trial or resulting in termination of the prosecution in favor of the accused, when an appeal of the order would be permitted by the double jeopardy provisions of the Constitution of the United States and the Constitution of Maine.

notice of appeal pursuant to M.R.Crim.P. 37B and 37(b). We disagree. The State's assertion of error concerns the granting of a *post-trial* motion for a judgment of acquittal. Subsection 3 refers to "error in the proceedings at trial" or "prior to trial" and makes no reference to errors occurring after the trial. On the other hand, subsection 2 specifically addresses the State's right to appeal from orders entered after trial "resulting in termination of the prosecution in favor of the accused." The statute clearly provides that when the State alleges a post-trial error, it must file a notice of appeal, even if the defendant is also taking an appeal. Since the State did not file a notice in this case, we decline to address the merits of its contention.

The entry is:

Judgments of conviction affirmed.

Sentences on Counts II and III modified to provide for three years' probation following the term of imprisonment.

All concurring.