STATE of Maine

v.

Frederick MARSHALL.

Supreme Judicial Court of Maine.

Submitted on Briefs June 15, 1993.

Decided Aug. 2, 1993.

Pamela Ames, Asst. Atty. Gen., Augusta, for the State.

Stuart Tisdale, Portland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

After a jury trial, Frederick Marshall was convicted of murder, in violation of 17–A M.R.S.A. § 201(1)(A) (1983), for killing Jeffrey Tilley and possession of a firearm by a felon, in violation of 15 M.R.S.A. § 393 (Supp.1992). The Superior Court (Knox County, *Smith, J.*) entered judgment, from which Marshall now appeals.

█ We reject Marshall's contention that the State's closing argument was so manifestly prejudicial that he was deprived of a fair trial. There was no objection to the argument at trial. Accordingly, we review for obvious error, *State v. Tomah,* 586 A.2d 1267, 1270 (Me.1991), and we find none.

█ During its closing and rebuttal arguments, the State characterized a manslaughter verdict, a lesser included offense to murder, as nothing more than a "sympathy vote," it misstated the law with respect to reputation evidence and unfairly characterized the eye-witness's testimony.[1] Nei-

---

1. Marshall contends that there were other instances of prosecutorial misconduct, but we find that only the statements listed were erroneous.

ther individually nor cumulatively do these errors rise to the level of obviousness in the instant context. *Id.*

We note, however, that the prosecutor is not only a party to a criminal action, but an agent of the State, cloaked with the responsibility of promoting justice, not just winning cases. Our view that "[t]he prosecutor's duty 'to see that the accused has a fair trial as well as the duty to bring about a just conviction of the guilty' should, by now, be well known to the prosecutorial bar." *State v. Reilly,* 446 A.2d 1125, 1128 (Me.1982) (quoting *State v. Wyman,* 270 A.2d 460, 463 (Me.1970)). We again emphasize that "sound prosecutorial judgment cuts deeper than the avoidance, alone, of affirmative misconduct. The prosecutor, as counsel for the public interest, is especially bound by the tenets of sound professional judgment, based upon a thorough knowledge of the law, to avoid jeopardizing without reason or need the validity of a just conviction." *State v. Conner,* 434 A.2d 509, 513–14 (Me.1981).

The entry is:

Judgment affirmed.

All concurring.