**STATE of Maine**

v.

**Callier WEEKS.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 8, 1993.

Decided Dec. 8, 1993.

**1276** 

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein, Asst. Dist. Atty., Bangor, for plaintiff.

Michael P. Harman, Millinocket, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Callier Weeks appeals from the judgment entered in the Superior Court (Penobscot County, *Browne, A.R.J.*) on a jury verdict finding him guilty of operating a motor vehicle while under the influence of intoxicating liquor or while having 0.08% or more by weight of alcohol in his blood, 29 M.R.S.A. § 1312–B (Pamph.1992). Weeks argues that the Superior Court abused its discretion by denying his request for a jury view of his automobile and that the State committed obvious error in its closing statement. Weeks also challenges the sufficiency of the evi-

dence. We find no error in the record and affirm the judgment.

### I.

 The arresting officer testified that he observed Weeks driving an automobile with his head "almost right up to the windshield." After Weeks testified that driving in this position was impossible due to the automobile's design, he requested a jury view of the automobile, which the court denied. Weeks maintains that because of the conflicting testimony, a view was essential for the jury to determine who was telling the truth. He argues that the court abused its discretion in denying this request. We disagree.

 The decision to grant or deny a jury view is within the court's discretion. *State v. Heald,* 333 A.2d 696, 700 (Me.1975). The purpose of a view is not to receive evidence, but "to enable the jury to more intelligently apply and comprehend the testimony presented in court." *Id.* (*quoting State v. Slorah,* 118 Me. 203, 214–215, 106 A. 768, 773 (1919)). As we held in *State v. White,* 285 A.2d 832, 835 (Me.1972), in light of jurors' familiarity with automobiles, it is unlikely that a view would have helped them understand the testimony in this case. The court did not abuse its discretion by denying Weeks' request.

### II.

 In its closing statement, the State argued to the jurors that, in order for them to acquit Weeks, they would necessarily have to conclude that the arresting officer had lied on the witness stand. Since Weeks did not object, we review for obvious error. *State v. True,* 438 A.2d 460, 467 (Me.1981).[1] This standard of review recognizes error only when it is "so highly prejudicial and so taints the proceeding as virtually to deprive the aggrieved party of a fair trial." *Id.* at 468 (*quoting State v. Langley,* 242 A.2d 688, 690 (Me.1968)). Weeks argues that the State's statement improperly shifted the jury's focus from the complex question of whether the State had proved all the elements of the

---

1. Weeks also argues that the prosecutor misstated a fact in his closing argument. A review of the record shows that no misstatement was made.

charged offense beyond a reasonable doubt to the more simple question of whether the police officer had lied. We do not find this argument convincing.

This is not a case where the State offered its personal opinion as to the truthfulness of the defendant or a witness. *See, e.g., State v. Steen,* 623 A.2d 146, 149 (Me.1993). Rather, the State properly commented on the fact that witness credibility was a crucial issue in this case. *See State v. Hinds,* 485 A.2d 231, 238 (Me.1984). (State's closing argument that, if jurors believed victim's testimony, they should convict the defendant but, if they did not believe that testimony, they should find the defendant not guilty, was not obvious error). We therefore find no obvious error in the State's closing argument.

## III.

 Relying primarily on the issue of whether his blood-alcohol test result was reliable, Weeks contends that the evidence introduced at trial was insufficient to support his conviction. After the arrest, the police officer testified that he administered a "balloon type" blood-alcohol test. The officer further testified that Weeks inflated the balloon in one breath, that the sample was sent to a laboratory for testing, and that the test result showed Weeks' blood-alcohol level to be 0.09%. Weeks, on the other hand, testified that he inflated the balloon in two breaths. The State's expert witness testified that the test would not be accurate if Weeks had taken more than one breath to inflate the balloon, unless the waste bag was compressed between each breath. The expert also testified that because the test had a margin of error of 0.015%, there was a 16.5% chance that Weeks' blood-alcohol level was below 0.08%.

The standard for determining whether there was sufficient evidence to support a conviction is whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reasonable doubt every element of the offense charged. *State v. Barry,* 495 A.2d 825, 826 (Me.1985). In the present case, there was considerable testimony concerning Weeks' erratic driving, his staggering, his poor performance on field sobriety tests, his bloodshot eyes, and the smell of alcohol on his breath at the time of the arrest. With respect to the blood-alcohol test, the police officer testified that Weeks inflated the balloon in one breath, and the expert witness testified that the test had a margin of error of 0.015%. Based on all of the evidence presented, viewed in the light most favorable to the State, we conclude that the jury rationally could have found beyond a reasonable doubt that Weeks was operating a motor vehicle while under the influence of intoxicating liquor and that he had 0.08% or more by weight of alcohol in his blood.[2]

Weeks raises additional arguments concerning the trial court's admission of expert and lay witness testimony. Because the admission of such testimony was clearly within the trial court's discretion, we find no error.

Accordingly, the entry is:

Judgment affirmed.

All concurring.

---

**2.** To find Weeks guilty of "operating under the influence" (i.e., OUI), the jury need only have found that Weeks operated a motor vehicle while under the influence *or* while having a blood-alcohol concentration of 0.08% or more. *See* 29 M.R.S.A. § 1312–B (Pamph.1992) ("A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle ... [w]hile under the influence of intoxicating liquor *or* ... [w]hile having 0.08% or more by weight of alcohol in his blood."); *State v. Harper,* 568 A.2d 1107, 1108 (Me.1990). Weeks argues that because the jury found him guilty of both, it misunderstood the court's instructions concerning the offense. While it is not clear what type of error he can attribute to this verdict, the evidence was sufficient for the jury to make both findings. The jury's verdict, while perhaps redundant, simply indicates the strength of the State's case against Weeks.