STATE of Maine

v.

William GOOGINS.

Supreme Judicial Court of Maine.

Argued March 17, 1994.
Decided April 20, 1994.

Nelson, telephoned Nelson's house repeatedly and irritated everyone present. Eventually, Theriault and Hedrich began answering the telephone and taunting Googins. Cote testified she heard Nelson tell Googins not to call anymore and not to come to the house.[2]

Googins, a state trooper, drove his cruiser to Nelson's home. While en route he stopped Glori Cote, who had left Nelson's home, and checked to see if Nelson was in Cote's car. Hedrich also left Nelson's home before Googins arrived. As he left, Hedrich saw Googins creeping toward the house through the woods. Startled, Hedrich hurried up the driveway to meet his ride and did not investigate further. He testified that he heard two shots and, thinking they were fired by a poacher, called the local game warden when he arrived home.

When Googins reached Nelson's home, he forced the door open, found Theriault hugging Nelson, and shot Theriault in the right arm. Googins asked Theriault if there was anyone else in the house; Theriault answered "no." Googins then fired two more shots, and hit Theriault once in the leg. Nelson ran out of the room, Googins followed, and Theriault escaped the house. Bleeding profusely, Theriault walked to a friend's house more than a mile away for assistance.

## II. The Hearsay Objection

■ Googins initially argues that Glori Cote's testimony that she overheard Nelson tell Googins not to come to the house was hearsay. That testimony, however, was offered for the fact that the statement was made and not for the truth of the statement. Whether the statement by Nelson to Googins, overheard by Cote, was true is not an issue—the testimony is offered solely to show that Nelson said the words to Googins— "don't come here." It was therefore not hearsay. *State v. Crocker*, 435 A.2d 1109, 1111 (Me.1981); *State v. Wallace*, 431 A.2d 613, 615 (Me.1981); Murray, *Maine Evidence* § 801.3 at 9–9 (3d ed. 1992) (hereinafter Murray at ___).[3] Cote's testimony that

Neale Adams (orally), Dist. Atty., Carrie Linthicum, Asst. Dist. Atty., Caribou, for State.

Margaret Johnson (orally), Presque Isle, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

RUDMAN, Justice.

William Googins appeals from the judgments of conviction entered after a jury trial in the Superior Court (Aroostook County, *Pierson, J.*) for attempted murder, 17–A M.R.S.A. § 152 (1983); aggravated assault, 17–A M.R.S.A. § 208 (1983); burglary, 17–A M.R.S.A. § 401 (1983); criminal threatening with a dangerous weapon, 17–A M.R.S.A. § 209 (1983); and violation of a condition of release, 15 M.R.S.A. § 1092 (Supp.1993). Googins[1] challenges his convictions for attempted murder and burglary, contending that the trial court improperly admitted hearsay evidence to prove one of the elements of burglary, that statements made by the State during closing argument misstated the law and misled the jury, and that the court's jury instructions were so confusing as to constitute obvious error. Finding no error, we affirm the judgments of the Superior Court.

### I. The Facts

In the early morning hours of January 19, 1992, William Googins burst into the home of his ex-wife, Katina Nelson, found her in the arms of another man, Richard Theriault, and shot him. Nelson had been socializing that evening and had come home with a few friends—Theriault, Joe Hedrich, and Glori Cote. Googins, anxious to reconcile with

---

**1.** Googins's appellate counsel did not represent him at trial.

**2.** Nelson left the state and did not testify at trial.

**3.** In his reply brief, Googins relies on *Latremore v. Latremore*, 584 A.2d 626, 632 (Me.1990). *Latremore*, however, involved double hearsay, and is not analogous to this case.

she overheard the statement being made is analogous to testimony that a witness heard gunshots, squealing brakes, or some other audible occurrence. Just as a witness can recount what she saw, smelled, or felt, she can testify as to what she heard. When the issue is whether the words were said and not whether a statement is true, there is no hearsay. The trial court properly overruled Googins's objection that the statement was hearsay and therefore inadmissible.

◼ Googins also argues that Cote's testimony should have been excluded as unfairly prejudicial. Even if Googins had objected to the testimony at trial on this basis, which he did not, we review the trial court's ruling on unfair prejudice only for abuse of discretion. Murray, § 403.1 at 4–13 ("Reversals for abuse of discretion are rare."). Admitting the testimony was not an abuse of discretion.

◼ Although Googins does not squarely raise the issue, he calls into question Cote's knowledge that he was on the other end of the line when Nelson said "don't come over." This is not a hearsay objection, but a Rule 901 contention that Cote could not authenticate the evidence offered. M.R.Evid. 901(b)(6). Again, Googins failed to make this objection at trial, and so we review only for obvious error. The rule does not require any specific method of authentication, M.R.Evid. 901(a), and there was substantial testimony that Googins was making the phone calls to Nelson's home that night. *See also* Jack B. Weinstein & Margaret A. Berger, 5 *Weinstein's Evidence* § 901(b)(6)(2) (1993) ("Where the witness overhears only half of a conversation, the witness must—unless the hearsay problem can be met—be able to identify the speaker in some way that is not entirely dependent on the responses of the other speaker"). Absent any objection, the court's failure to exclude the testimony on this basis was not obvious error.

### III. The State's Closing Argument

◼ Googins contends that the State's closing argument denied him a fair trial. The State, in its closing argument, tied together two of the elements of burglary—intent to commit a crime and knowledge of the lack of a right to enter the premises.

The intent to commit a crime once inside the dwelling may not be used to infer the defendant's knowledge of a lack of a right to enter the premises. *State v. Thibeault,* 402 A.2d 445, 449 (Me.1979). Therefore, in its closing argument the State misstated the law.

◼ No objection was made, however, and we therefore review only for obvious error. *State v. Marshall,* 628 A.2d 1061, 1061 (Me.1993). To constitute obvious error, the State's misstatement of the law must be "so highly prejudicial [that it] so taints the proceeding as virtually to deprive the aggrieved party of a fair trial." *State v. Weeks,* 634 A.2d 1275, 1276 (Me.1993) (quoting *State v. True,* 438 A.2d 460, 468 (Me.1981)). There was other evidence of Googins's knowledge that he had no license to enter Nelson's home—the testimony from Cote that Nelson told Googins not to come to the house, the testimony from Hedrich that Googins crept through the woods to approach the house, and the testimony from Theriault that Googins forced the door open. The trial court correctly instructed the jury as to the elements of burglary. The trial court told the jury that statements of counsel are not evidence and not binding on the jury. The State's misstatement did not deny Googins a fair trial.

### IV. The Jury Instructions

◼ Googins further challenges the jury instructions. Again, no objection was made at trial, so we review only for obvious error. *State v. Parsons,* 626 A.2d 348, 350 (Me.1993). To vacate the judgment against Googins on the basis of obvious error, we must determine that "the offending instruction 'when reviewed with the charge as a whole constituted highly prejudicial error tending to produce manifest injustice.'" *State v. Weidul,* 628 A.2d 135, 137 (Me.1993) (quoting *State v. Quint,* 448 A.2d 1353, 1355 (Me.1982)). Googins challenges the burglary instruction and the attempted murder instruction. After review of the instructions given, however, we conclude that the court's instructions "inform[ed] the jury correctly and fairly in all necessary respects of the governing law." *Phillips v. Eastern Maine*

*Medical Ctr.,* 565 A.2d 306, 308 (Me.1989). Googins's position is based on statements made by the court taken in isolation; we review the instructions as a whole. *State v. Weidul,* 628 A.2d at 137. When the instructions are read as a whole, Googins's various attacks on the instructions as given are without merit.

The entry is:

Judgments affirmed.

All concurring.