STATE of Maine

v.

David G. FLEMING.

Supreme Judicial Court of Maine.

Argued June 13, 1994.

Decided July 15, 1994.

Michael Cantara, Dist. Atty., David Gregory (orally), Alfred, for the State.

Jacqueline W. Rider (orally), Roy S. McCandless, William C. Knowles, Verrill & Dana, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN and LIPEZ, JJ.

RUDMAN, Justice.

David Fleming appeals after the Superior Court (*York County,* Delahanty, C.J.) denied his Rule 35 motion for a correction or reduction of his sentence. M.R.Crim.P. 35. Fleming challenges the legality of the imposition of consecutive sentences, and alleges several illegalities in the sentencing process followed by the court. We find no error in the sentencing court's imposition of consecutive sentences and no illegality in the process followed by the court. Because the court erred in regard to the facts supporting Fleming's conviction for aggravated assault, however, we vacate Fleming's sentence for that single count.

On July 12, 1991, Fleming raped and attempted to kill a fifteen-year-old girl. Fleming caused his car to strike the bicycle the girl rode along the Shore Road in Cape Neddick. He stopped his car, pretended to offer to help her, then threw her bicycle into the bushes, punched her, wrestled her into his car, and drove to a wooded area. There, he raped her at knife point, stopped for a cigarette, then stabbed her in the chest, cut her throat, and left her for dead in a pile of leaves. The young woman held her breath and pretended to be dead until Fleming left, then she found help and survived.

Fleming pleaded guilty, withdrew his plea, then pleaded guilty again to a five-count indictment charging him with attempted murder, 17–A M.R.S.A. §§ 152, 201 (1983 & Supp.1993), based on Fleming's efforts to kill his victim by stabbing her, slashing her throat, and burying her in the pile of leaves; kidnapping, 17–A M.R.S.A. § 301 (1983); gross sexual assault, 17–A M.R.S.A. § 253 (1983 & Supp.1993); unlawful sexual contact, 17–A M.R.S.A. § 255 (1983 & Supp.1993); and aggravated assault with a knife, 17–A M.R.S.A. § 208 (1983).

Prior to sentencing Fleming, the court reviewed a presentence report, an article from the Biddeford *Journal Tribune* describing Fleming's appalling criminal history, and statements from the victim, her father, her stepmother, and the doctor who treated her after the attack. The court imposed the statutory maximum on all counts, all to run concurrently, except that the sentence for

attempted murder was imposed consecutive to the other sentences.

Fleming applied for leave to appeal his sentence. M.R.Crim.P. 40(a). We denied his application. Fleming then filed a Rule 35 motion requesting that the Superior Court correct his "illegal" sentence. M.R.Crim.P. 35(a). The court denied his motion.

I. Consecutive Sentences

*A. The Standard of Review*

■ Fleming challenges the denial of his Rule 35 motion. We will not consider whether Fleming's sentence is excessive, but only whether it is illegal. We must therefore test the sentence imposed against the sentencing statute, 17–A M.R.S.A. § 1256 (1983 & Supp. 1993), and consider Fleming's contentions that the sentence was imposed in an illegal manner. M.R.Crim.P. 35; *see* 1 Cluchey & Seitzinger, *Maine Criminal Practice* VI—54–55 (1992).

*B. Fleming's Consecutive Sentence for Attempted Murder*

■ Fleming most vigorously contends that the court violated the consecutive sentencing statute when it imposed his sentence. The statute provides that: "A defendant may not be sentenced to consecutive terms for crimes arising out of the same criminal episode when ... [o]ne crime consists only of a conspiracy, attempt, solicitation, or other form of preparation to commit, or facilitation of, the other." 17–A M.R.S.A. § 1256(3)(B) (1983). Fleming argues that he intended to murder his victim when the criminal episode began and therefore the attempted murder of his victim "facilitated" her rape, and the statute precludes a consecutive sentence for that conviction.

The sentencing court, however, found as fact that the attempted murder was a separate criminal act from the kidnapping and gross sexual assault. That finding is not clearly erroneous. *See State v. Tellier,* 580 A.2d 1333, 1336 (Me.1990) (kidnap of the victim facilitated the rape, but aggravated assault after the rape did not); *State v. Walsh,* 558 A.2d 1184, 1188 (Me.1989) (armed

terrorization of rape victim to discourage her from reporting the crime did not facilitate the rape); *State v. Cormier*, 535 A.2d 913, 918 (Me.1987) (cutting victim's ear off after robbery did not facilitate the robbery); *State v. Winchenbach*, 501 A.2d 1282, 1287 (Me. 1985) (passing roadblock and eluding police officer did not facilitate burglary and car theft). Nor is the finding illogical in light of the fact that the kidnapping and rape were unnecessary predicates to the attempted murder. Fleming in fact attempted to murder his victim to cover up his earlier crimes.

The consecutive sentencing statute authorizes consecutive sentences when the "seriousness of the criminal conduct ... require[s] a sentence of imprisonment in excess of the maximum available for the most serious offense." 17–A M.R.S.A. § 1256(2)(D) (1983). Based on the court's finding that Fleming's efforts to kill his victim were separate from the gross sexual assault, the limiting provision of section 1256 does not apply to Fleming. 17–A M.R.S.A. § 1256(3)(B) (1983). The court's decision to impose consecutive sentences on Fleming for gross sexual assault and attempted murder was therefore authorized by the statute.

### C. The Factual Mistake on the Aggravated Assault Charge

■ The sentencing court mistakenly separated the aggravated assault charge from the attempted murder charge, believing that the aggravated assault was based on Fleming's initial attack with his automobile. The aggravated assault charge was in fact based on Fleming's final assault with the knife. Both Fleming and the State agree that Fleming's sentence for aggravated assault should be vacated.

We concur. The aggravated assault conviction and the attempted murder conviction are both based on the same actions by Fleming. The aggravated assault charge merged into the attempted murder conviction. *State v. Walsh*, 558 A.2d 1184, 1186 (Me.1989). We therefore vacate Fleming's sentence for aggravated assault.

### II. The Sentencing Procedure

#### A. The Statements Considered by the Sentencing Court

■ The sentencing court reviewed a written statement by the victim and the physician who treated her, and heard oral statements by the victim's father and stepmother. According to Fleming, these statements amounted to an illegal poll of the community as to an appropriate sentence. *State v. Samson*, 388 A.2d 60, 68 (Me.1978). In *Samson*, however, we concluded that the court actually polled the community. In Fleming's case, the court appropriately allowed the victim and her family to be heard and read a letter submitted by the victim's physician.

■ As a general rule, the court has broad discretion in what information it considers when sentencing. Due process requires only that the information be factually reliable. *State v. Dumont*, 507 A.2d 164, 166–67 (Me.1986) (no abuse of discretion by court in considering affidavits from victim and victim of other, uncharged crimes). The crime's impact on the victim is a relevant consideration in sentencing, *State v. Howard*, 541 A.2d 1295, 1295 (Me.1988), and statements by the victim's family and physician are factually reliable information to help gauge that impact. The court neither abused its discretion nor violated Fleming's right to due process by considering the family's statements or the compassionate letter from the victim's doctor. *See Williams v. New York*, 337 U.S. 241, 249–52, 69 S.Ct. 1079, 1084–86, 93 L.Ed. 1337 (1949) (due process clause does not dictate that courts abandon efforts to seek additional information to impose a just sentence).

#### B. The Court's Mention of Thanksgiving

Fleming also argues that the court was influenced to impose a harsher sentence on him than it would have otherwise because the sentence was imposed on the day before Thanksgiving, and the court was "under tremendous pressure as a result of the holidays." As evidence of this purported, irrational act by the court, Fleming offers a passing remark: "everybody here wishes ... [t]hat none of us would have to be here today

and we could all be enjoying other pursuits on the day before one of America's finest holidays." This argument is without merit. There is nothing in the record to support Fleming's contention that the court felt any holiday pressure. The remark was a passing observation.

### C. The Newspaper Article

 The newspaper article, like the statements by the victim's family and physicians, qualifies as factually reliable material that the sentencing court could consider as a matter of discretion. *State v. Hardy,* 489 A.2d 508, 512 (Me.1985) (hearsay may be considered, but defendant must have opportunity to explain). Fleming had the necessary opportunity to present his position.

### D. The Court's Rejection of Fleming's Guilty Plea as a Mitigating Factor

Finally, Fleming contends that the court ignored his guilty plea. That is not true. The court carefully considered Fleming's guilty plea and determined that it was not enough to mitigate his appalling crimes.

> I recognize that he has pled guilty. Commonly people say that spares the victim the agony of having to go through a trial and to a certain extent there is a matter of truth but sometimes in circumstances like this it's easier for the person to go through a trial than it is to not get the chance to testify and bring the facts out.
>
> . . . .
>
> The Defendant has an extremely violent history and I think that along with the seriousness of the cases here warrant the maximum sentences. . . .
>
> I think the real question here—I'll back-up a second. *As far as mitigation, I really don't find that there are any weighty mitigating circumstances that would justify less than the maximum.*

(Emphasis added.)

A court's statements must be read in context. *State v. Farnham,* 479 A.2d 887, 889 (Me.1984); Cf. *State v. Googins,* 640 A.2d 1060 (Me.1994) (jury instructions reviewed as a whole). The court has wide discretion to balance mitigating and aggravating factors.

*State v. Lemieux,* 600 A.2d 1099, 1101 (Me. 1991). The sentencing court properly considered Fleming's guilty plea and was under no obligation to reduce Fleming's sentence.

The entry is:

Sentence on Count V vacated. Sentences on Counts I through IV affirmed.

All concurring.