MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2019 ME 75
Docket:        Aro-18-295
Submitted
  On Briefs:   February 20, 2019
Decided:       May 21, 2019

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

BRUCE OUELLETTE

HUMPHREY, J.

[¶1]   Bruce Ouellette appeals from a judgment of conviction for aggravated criminal mischief (Class C), 17-A M.R.S. § 805(1)(A) (2018), entered by the trial court (Aroostook County, *Stewart, J.*) following a two-day jury trial. The State purports to cross-appeal from the denial of its motion to correct the sentence because the court did not order restitution pursuant to 17-A M.R.S. §§ 1323(2), 1325 (2018).  M.R.U. Crim. P. 35(a), (g).  We affirm the judgment of conviction and do not reach the State's challenge to the denial of its motion to correct the sentence because the State failed to file a notice of appeal from that order and failed to provide the written authorization of the Attorney General. 15 M.R.S. § 2115-A(2-B), (5) (2018); M.R. App. P. 2A(f)(2), 21(a)-(c).

## I.  BACKGROUND

[¶2]  Viewing the evidence in the light most favorable to the verdict, the jury rationally could have found the following facts beyond a reasonable doubt. *State v. Perkins*, 2019 ME 6, ¶ 3, 199 A. 3d 1174.

[¶3]  In October 2016, the Town of Frenchville began preparing a rural section of Pelletier Avenue to be paved.  The Town graded the existing gravel roadway, laid geotextile fabric on the graded surface, and then applied a base layer of gravel (larger stone) and a surface layer of gravel (smaller stone).  The next step would have been the installation of an asphalt surface.

[¶4]  On October 31, 2016, Ouellette drove a tractor along a section of Pelletier Avenue using a harrow that tore the geotextile fabric and mixed the two sizes of gravel together with dirt, rendering that section of Pelletier Avenue unsuitable for paving.  The cost to repair the damage was estimated to be approximately $52,000.

[¶5]  Ouellette was charged by indictment with aggravated criminal mischief,[1] pursuant to 17-A M.R.S. § 805(1)(A), which provides that "[a] person

---

[1] The indictment also charged Ouellette with reckless conduct with a dangerous weapon (Class C), 17-A M.R.S. § 211(1), 1252(4) (2018), and obstructing government administration (Class D), 17-A M.R.S. § 751(1) (2018).  A judgment of acquittal was entered by the court as to reckless conduct after the jury found Ouellette not guilty.  Although the jury found Ouellette guilty of obstructing government administration, the court later entered a judgment of acquittal on that charge.  *See* M.R.U. Crim. P. 29(b).

is guilty of aggravated criminal mischief if that person . . . [i]ntentionally, knowingly or recklessly damages or destroys property of another in an amount exceeding $2,000 in value, having no reasonable ground to believe that the person has a right to do so."

[¶6] Prior to trial, the court granted Ouellette's motion in limine to exclude any lay witness testimony about the "title or ownership" of Pelletier Avenue.[2] During the trial, the jury heard testimony that Ouellette did not own any land along the stretch of Pelletier Avenue that he damaged, that Pelletier Avenue was posted with traffic control and road signage, and that the road was maintained, graded, and plowed by the Town. Further, in accordance with the parties' stipulation, the court instructed the jury that "the property allegedly damaged was the geotextile fabric, base gravel, and surface gravel applied by the Town . . . upon Pelletier Avenue." The jury found Ouellette guilty of aggravated criminal mischief.

[¶7] After the jury's verdict, Ouellette filed a motion for a judgment of acquittal[3] and argued—for the first time—that the geotextile fabric and gravel

---

[2] At the time of the trial, civil litigation was pending in the Superior Court that sought to establish ownership of the section of Pelletier Avenue that Ouellette damaged.

[3] Ouellette's motion for acquittal was also directed to the jury's guilty verdict regarding Obstructing Government Administration. *See supra* n.1.

had become "fixtures" of the real property of Pelletier Avenue and, because the State did not establish who owned Pelletier Avenue, the State failed to prove that Ouellette damaged the "property of another" within the meaning of 17-A M.R.S. § 805. The court denied the motion, concluding that the parties' stipulation "sufficiently defined" for the jury that the damaged property was the geotextile fabric and gravel; that it was "appropriate for the jury to conclude" that ownership of the road was still in dispute; and that the jury could have concluded that, regardless of who owned the road, the damaged property—the geotextile fabric and gravel, as defined by the parties' stipulation—did not belong to Ouellette.

[¶8] The court sentenced Ouellette to one year in jail with all but ten days suspended, a year of probation, and a $3,000 fine. The court declined to order Ouellette to pay restitution, stating on the record that its decision was based on the need to end the contentious litigation surrounding the paving of Pelletier Avenue and that the Town's decision to accept a deed of property from Ouellette in lieu of formal restitution constituted a "a bargain[ed] for exchange" that sufficiently compensated the Town. Because the Town voluntarily declined restitution, the State sought restitution on behalf of Aroostook County pursuant to 17-A M.R.S. § 1324(2) (2018). The court denied the State's request.

The State filed a motion to correct the sentence pursuant to M.R.U. Crim. P. 35,[4] arguing that the court failed to conduct a sufficient inquiry into the State's request for restitution as required by 17-A M.R.S. §§ 1323(2), 1325.

[¶9]  Ouellette appeals the judgment of conviction, and, in its appellee's brief, the State challenges the court's denial of its Rule 35 motion.

## II.  DISCUSSION

### A.    Sufficiency of the Evidence

[¶10]  Ouellette argues that the evidence was insufficient to support his conviction and renews on appeal the argument he first made in support of his post-trial motion for acquittal that, because the geotextile fabric and gravel had become "fixtures" of the roadway and ownership of the roadway was in dispute, the State had failed to prove a critical element of aggravated criminal

---

[4] In relevant part, M.R.U. Crim. P. 35 provides:

> **(a) Correction of Sentence.** On motion of the defendant or the attorney for the State, or on the court's own motion, made within one year after a sentence is imposed, the justice or judge who imposed sentence may correct an illegal sentence or a sentence imposed in an illegal manner.
>
> . . . .
>
> **(g) Appeal by State.** The Maine Rules of Appellate Procedure govern the procedure for an appeal by the State to the Law Court from an adverse ruling of the court relative to a State-initiated motion made under subdivision (a) or (c).

6

mischief—that Ouellette had damaged the "property of another."  *See* 17-A M.R.S. §§ 805(1)(A), (1-A), 352(4) (2018).

[¶11]   When a defendant argues that the evidence is insufficient to support his conviction, "we view the evidence in the light most favorable to the State to determine whether the fact-finder could rationally find every element of the offense beyond a reasonable doubt." *State v. Woodard*, 2013 ME 36, ¶ 19, 68 A.3d 1250 (quotation marks omitted).  The jury may draw all reasonable inferences from the evidence, and we will vacate a judgment "only where no trier of fact rationally could find proof of guilt beyond a reasonable doubt." *Id.* (quotation marks omitted).

[¶12]   An argument is waived when the facts underlying it have been stipulated.  *See State v. Lockhart*, 2003 ME 108, ¶¶ 34-36, 830 A.2d 433.  When a stipulation is entered, we "must make our determination on the facts to which the parties have stipulated . . . ." *Gov't Emps. Ins. Co. v. Concord Gen. Mut. Ins. Co.*, 458 A.2d 1205, 1211 (Me. 1983).  Where a defendant stipulates to an element of the crime, the State "is relieved of the burden of introducing evidence other than the stipulation itself to prove that element." *Commonwealth v. Ortiz*, 995 N.E.2d 1100, 1105 (Mass. 2013); *see also Commonwealth v. Triplett*, 500 N.E.2d 262, 267 (Mass. 1986) (stating that facts agreed to by stipulation are "no

longer . . . at issue and must be accepted by the fact finder"). Arguments waived by stipulation are unpreserved, and we review them only for obvious error. *Lockhart*, 2003 ME 108, ¶¶ 34-35, 830 A.2d 433.[5]

[¶13]  Because the parties stipulated at trial to the identity of the "damaged property," Ouellette waived the argument he now makes—that the geotextile fabric and gravel had become a fixture of the real property underlying Pelletier Avenue—and we "must make our determination on the facts to which the parties have stipulated . . . ." *Concord Gen. Mut. Ins. Co.,* 458 A.2d at 1211.

[¶14]  On this record, when viewed in the light most favorable to the State, the evidence was sufficient for the jury to rationally find and conclude that the State proved each element of the offense of aggravated criminal mischief beyond a reasonable doubt for several reasons.  17-A M.R.S. § 805(1)(A).  First, Ouellette stipulated that the "damaged property" was the geotextile fabric and the gravel applied to the road by the Town.  Second, the jury heard uncontroverted testimony that the Town owned the fabric and the gravel and that Ouellette damaged it.  Finally, based on evidence of the manner

---

[5] Obvious error "is (1) an error, (2) that is plain, and (3) that affects substantial rights[,] . . . [and] we will set aside a jury's verdict only if we conclude that (4) the error seriously affects the fairness and integrity or public reputation of judicial proceedings." *State v. Dolloff*, 2012 ME 130, ¶ 35, 58 A.3d 1032 (citations and quotation marks omitted).

in which Ouellette operated the tractor and the estimated cost to repair the damage, the jury rationally could have inferred that Ouellette intentionally, knowingly, or recklessly caused damage to the fabric and gravel, and that the damage was in excess of $2,000. Because we conclude there was no error, much less obvious error, we affirm the judgment.

B. Restitution

[¶15]   In its appellee's brief responding to Ouellette's appeal of the judgment of conviction, the State argues that the sentence was illegal because the court failed to properly assess whether restitution should be ordered pursuant to 17-A M.R.S. §§ 1323(2),[6] 1325.

[¶16]   "In criminal matters, the State is limited to the appeal rights granted by the plain language of [15 M.R.S. § 2115-A (2018)]," *State v. Blakesley*, 2010 ME 19, ¶ 11, 989 A.2d 746 (quotation marks omitted). In addition to limiting the orders and errors from which the State may appeal, section 2115-A identifies the circumstances in which the State is and is not required to file a notice of appeal and when it is required to obtain the Attorney General's authorization to commence an appeal. 15 M.R.S. § 2115-A(1)-(3), (5) (2018).[7]

---

[6] Section 1323(2) requires that "[i]n any case where the court determines that restitution should not be imposed in accordance with the criteria set forth in section 1325, the court shall state in open court or in writing the reasons for not imposing restitution."

[7] Title 15 M.R.S. § 2115-A (2018) provides, in relevant part:

Ordinarily, the State need not file a notice of appeal or obtain the approval of the Attorney General when the defendant appeals from a judgment of conviction *and* the State alleges that an error "harmful to it was committed *prior to trial or in the trial . . . .*" 15 M.R.S. § 2115-A(3) (emphasis added); *see also State v. Taylor*, 2011 ME 111, ¶ 2 n.2, 32 A.3d 440 (challenging the court's admission of defendant's evidence concerning an alternative suspect during trial); *State v. Rabon*, 2007 ME 113, ¶ 12 & n.4, 930 A.2d 268 (challenging the court's pre-trial determination regarding exigent circumstances for a search). As we have held, section 2115-A(3) allows the State to claim error without filing

---

**2-B. Appeal from the denial of a Rule 35 motion.** If a motion for correction or reduction of a sentence brought by the attorney for the State under Rule 35 of the Maine Rules of Unified Criminal Procedure is denied in whole or in part, an appeal may be taken by the State from the adverse order to the Supreme Judicial Court sitting as the Law Court.

**3. When defendant appeals.** When the defendant appeals from a judgment of conviction, it is not necessary for the State to appeal. It may argue that error in the proceedings at trial in fact supports the judgment. The State may also establish that error harmful to it was committed prior to trial or in the trial resulting in the conviction from which the defendant has appealed, which error should be corrected in the event that the Law Court reverses on a claim of error by the defendant and remands the case for a new trial. If the case is so reversed and remanded, the Law Court shall also order correction of the error established by the State.

. . . .

**5. Approval of Attorney General.** In any appeal taken pursuant to subsection 1, 2 or 2-B, the written approval of the Attorney General is required; except that if the attorney for the State filing the notice of appeal states in the notice that the Attorney General has orally stated that the approval will be granted, the written approval may be filed at a later date.

an appeal and obtaining written approval from the Attorney General only when, on an appeal initiated by the defendant, the State seeks to assert that the court committed errors prior to or during the trial proceedings themselves. *State v. Parsons*, 626 A.2d 348, 351-52 (Me. 1993). For the State to have the right to assert errors in *post-trial* proceedings, on the other hand, the State must file a notice of appeal and secure written approval from the Attorney General pursuant to section 2115-A(5), regardless of whether the defendant has appealed. *See id*.; *see also* 15 M.R.S. § 2115-A(2), (2-B), (5). Therefore, although section 2115-A(2-B) specifically authorizes the State to appeal from the trial court's denial, in whole or in part, of its Rule 35 motion to do so,[8] the State must file a notice of appeal accompanied by a written approval by the Attorney

---

[8] Subsection 2115-A(2-B) was enacted after we issued our decision in *State v. Parsons*, 626 A.2d 348 (Me. 1993). *See* P.L. 1995, ch. 47, § 1. That amendment to section 2115-A, however, did not change the scope of section 2115-A, so our holding in *Parsons*, that the State must file an appeal and obtain the written approval of the Attorney General to appeal from post-trial orders, remains undisturbed. *Parsons*, 626 A.2d at 352.

We also note that section 2115-A(6) requires the statute to be construed "liberally . . . to effectuate its purposes." 15 M.R.S. § 2115-A(6). An earlier version of section 2115-A states that the purposes of the statute were to ensure "that the State is able to proceed to trial with all the evidence it is legally entitled to introduce, in view of the limited ability of the State to have error reviewed after trial." P.L. 1979, ch. 343, § 2. Curiously, in 1980, the Legislature amended this provision to remove any articulation of the purposes of section 2115-A. P.L. 1979, ch. 701, § 14. If the purpose of section 2115-A was unchanged despite the deletion of its stated purpose, it would not benefit the State here. If, on the other hand, the deletion of that stated purpose meant that there is now a different purpose for the statute, the Legislature has not stated what it is. Nonetheless, when we issued our decision in *Parsons*, section 2115-A had the same self-contained rule requiring a "liberal[]" construction as it does now, so the approach we must take in construing and applying the statute remains governed by *Parsons*.

General. 15 M.R.S. § 2115-A(2-B), (5); M.R.U. Crim. P. 35(a), (g); *see also* Alexander, *Maine Appellate Practice* § 21.4 at 231 (5th ed. 2018) ("Written approval of the Attorney General is required for all State appeals of . . . post-trial rulings . . . .").

[¶17] Here, the State did not file a notice of appeal that cited any statutory basis for its challenge; its brief alleges that the "sentencing court err[ed] in not ordering restitution as part of [its] sentence." Because the State appeals from an alleged *post-trial* sentencing error, the State was required to file an appeal and obtain the written approval of the Attorney General to appeal the court's decision on its Rule 35 motion, 15 M.R.S. § 2115-A(2-B), (5), but failed to do either. We therefore do not reach the State's claim of error. *See* M.R. App. P. 21(a)-(c).

The entry is:

Judgment affirmed.

---

Toby D. Jandreau, Esq., Fort Kent, for appellant Bruce Ouellette

James Mitchell, Asst. Dist. Atty., Prosecutorial District No. 8, Caribou, for appellee State of Maine

Aroostook County Unified Criminal Docket docket number CR-2017-20046
FOR CLERK REFERENCE ONLY