MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2021 ME 56
Docket:       Yor-20-246
Submitted
 On Briefs:   October 20, 2021
Decided:      November 9, 2021

Panel:        STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

## STATE OF MAINE

v.

## CHRISTOPHER N. BILYNSKY

MEAD, J.

[¶1]  Christopher Bilynsky appeals from a judgment of conviction of violation of condition of release (Class C), 15 M.R.S. § 1092(1)(B) (2021), entered in the trial court (York County, *D. Driscoll, J.*) following a jury trial.[1] Bilynsky contends that the court erred in (1) informing the jury of a joint stipulation of facts when the stipulation was signed by his counsel but not him personally and (2) its instructions to the jury.  He also contends that the evidence at trial was insufficient to support the jury's finding.  We affirm the judgment.

---

[1] We have considered Bilynsky's motion for oral argument, and deny the motion.

## I. BACKGROUND

[¶2]  On June 22, 2018, the York County Unified Criminal Docket Court set preconviction bail for Bilynsky for a crime punishable by a maximum period of imprisonment of one year or more with the special condition of "no contact, direct or indirect," with the alleged victim.  *See* 15 M.R.S. §§ 1026(1)(B), (3)(A)(5) (2018).[2]  On July 31, 2018, Bilynsky was an inmate in the York County Jail under those bail conditions when he attended a church service held within the jail.  The named victim of Bilynsky's underlying offense was also incarcerated in the York County Jail and also attended the July 31, 2018, jail church service.  Bilynsky, through gestures and words, made contact with the named victim at the church service.

[¶3]  Bilynsky was indicted, and a jury trial was held on March 26, 2019. During an in-chambers conference before the trial, a stipulation of undisputed facts was discussed and the attorneys for the State and defense agreed that the stipulation would be read to the jury during the trial.  Bilynsky's attorney informed the presiding judge that the final version of the stipulation was not yet signed because he wanted to review it with Bilynsky.  At some point off the

---

2  Title 15 M.R.S. § 1026(3)(A) has since been amended, most recently by P.L. 2021, ch. 397, §§ 2, 3, 4 (effective Oct. 18, 2021) (codified at 15 M.R.S. §§ 1026(3)(A)(9-A), (B-1)(1)-(6) (2021)).

record, the stipulation was signed by Bilynsky's attorney and was submitted to the trial court. The stipulation stated:

> The following is stipulated to by the State and the Defense and shall be entered as part of the evidence in the above captioned matter.
>
> . . . .
>
> 2. On or about July 31, 2018, Christopher Bilynsky was on pre-conviction bail for a crime punishable by a maximum period of imprisonment of one year or more;
>
> 3. As part of the pre-conviction bail, there was a condition of no contact with [the named victim];
>
> 4. [The named victim] was the victim of the alleged crime that Christopher Bilynsky was on bail for;
>
> 5. Christopher Bilynsky received notice of these bail conditions by a judge on June 22, 2018.

The stipulation was read to the jury after both parties completed their opening statements. Following trial, the jury found Bilynsky guilty. After holding a sentencing hearing on August 14, 2019, the court entered a judgment on the verdict and sentenced Bilynsky to forty-eight months of incarceration. Bilynsky timely filed a Rule 35 motion for a correction or reduction of his sentence. *See* M.R.U. Crim. P. 35. A Rule 35 hearing was held virtually on August 26, 2020,

4

where, following arguments, the court denied the motion. Bilynsky timely filed

a notice of appeal.[3] *See* M.R. App. P. 2B(b)(2)(D).

## II. DISCUSSION

### A.    Stipulation of Facts

[¶4]  Bilynsky contends that he never agreed to the stipulation—or the

facts it contained—which encompassed nearly every element the State was

required to prove beyond a reasonable doubt.  Because Bilynsky failed to object

or otherwise challenge the admission or reference to the stipulated facts at trial,

we review his challenge for obvious error.  *See State v Lovejoy*, 2014 ME 48,

¶ 19, 89 A.3d 1066.  To vacate a conviction based on obvious error, "there must

be (1) an error, (2) that is plain, and (3) that affects substantial rights." *Id.*

(quotation marks omitted).  When those conditions are met, "we will exercise

our discretion to notice an unpreserved error only if we also conclude that

(4) the error seriously affects the fairness and integrity or public reputation of

judicial proceedings." *Id.* (quotation marks omitted).

---

[3] Bilynsky's appeal was initially docketed in error as a discretionary appeal from only the denial of his Rule 35 motion. *See* M.R. App. P. 19(a)(2)(A).  On May 11, 2021, we issued an order permitting Bilynsky to brief his appeal from the judgment of conviction because his notice of appeal was timely and effective to challenge the conviction.  M.R. App. P. 2B(b)(2)(D) (extending the time to file an appeal in a criminal case by the timely filing of certain motions).

[¶5]  "The best practice for parties wishing to enter into a stipulation is to either file a written stipulation signed by the parties or their attorneys or orally enter the stipulation on the record."  *Potter v. Great Falls Ins. Co.*, 2020 ME 144, ¶ 10 n.4, 243 A.3d 1188.  Here, a written stipulation signed by both attorneys was filed with the court.  Additionally, the record demonstrates that the stipulation was discussed, read, or referenced at least seven times in Bilynsky's presence during the trial, including by his admissions to its stated facts in his own opening and closing arguments.  At no time did Bilynsky or his attorney object to the stipulation or any of its facts at trial.  Although Bilynsky now argues that the judge should have conducted the equivalent of a M.R.U. Crim. P. 11 colloquy with him on the record to confirm that he agreed to the contents of the stipulation, he fails to offer any authority mandating such a colloquy.  Because the stipulation of facts was signed by both attorneys and was filed with the court, the trial court committed no error, and certainly no plain error, that affected Bilynsky's substantial rights by reading the stipulation to the jury.

**B.    Jury Instructions**

[¶6]  Bilynsky next contends the trial court erroneously omitted essential elements of the charge of violation of condition of release, 15 M.R.S.

6

§ 1092(1)(B), when it did not instruct the jury as to the required contents of a release order as set out in 15 M.R.S. § 1026(5) (2018).[4] If a defendant affirmatively agrees to the instructions provided to the jury, the defendant waives the ability to challenge them on appeal. *State v. McLaughlin*, 2020 ME 82, ¶ 25, 235 A.3d 854.

[¶7] Like the defendant in *McLaughlin*, at trial Bilynsky "neither requested a jury instruction" on the required contents of a release order "nor objected to the jury instructions that were given, even though he had multiple opportunities to do so." *Id.* Consequently, he has waived any challenge to the absence of that instruction on appeal. *See id.* Furthermore, a review of the trial court's oral instructions shows that they "fairly and accurately informed the jury of all necessary elements of the governing law" as well as the State's burden of proof necessary for the jury to find Bilynsky guilty of violation of condition of release pursuant to 15 M.R.S. § 1092(1)(B). *State v. Lajoie*, 2017 ME 8, ¶ 18, 154 A.3d 132.

C.    **Jury Findings**

[¶8] Bilynsky also contends that there was insufficient evidence presented at trial for a jury to find him guilty of the Class C offense of violation

---

[4] Title 15 M.R.S. § 1026(5) has since been amended. P.L. 2021, ch. 397, § 6 (effective Oct. 18, 2021) (codified at 15 M.R.S. § 1026(5)(A)(1)-(2) (2021)).

of condition of release. "When a defendant challenges the sufficiency of the evidence supporting a conviction, we determine, viewing the evidence in the light most favorable to the State, whether a trier of fact rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Dorweiler*, 2016 ME 73, ¶ 6, 143 A.3d 114 (quotation marks omitted).

[¶9] To prove that a person committed a Class C violation of condition of release, the State must prove beyond a reasonable doubt that (1) a person has been granted preconviction or postconviction bail; (2) that person violated a condition of release; (3) the underlying crime was punishable by a maximum period of imprisonment of one year or more; and (4) the condition of release violated is one specified in a specific subsection of section 1026, such as "avoid all contact with a victim of the alleged crime." 15 M.R.S. § 1026(3)(A)(5) (2018); *see* 15 M.R.S. §1092(1)(B). As previously discussed, a stipulation of facts agreed to by Bilynsky and the State was read to the jury during trial. Thus, Bilynsky stipulated that (1) he was on preconviction bail on July 31, 2018; (2) the underlying crime for his preconviction bail was a crime punishable by a maximum period of imprisonment of one year or more; (3) a condition of his preconviction bail was that he would have no contact with the named victim; and (4) the named victim was the same victim of the crime for which Bilynsky

was on bail. Bilynsky's attorney stated in his closing, "We agree, as the defense and as the prosecution, that those facts, those stipulations are true and that we need—neither side go any further to prove to you that those conditions existed. Okay? We are agreeing to that."

[¶10] "Where a defendant stipulates to an element of the crime, the State is relieved of the burden of introducing evidence other than the stipulation itself to prove that element." *State v. Ouellette*, 2019 ME 75, ¶ 12, 208 A.3d 399 (quotation marks omitted). Because Bilynsky and the State stipulated to every element of the crime except that Bilynsky had contact with the victim of his crime, the State's only remaining burden was proving beyond a reasonable doubt that Bilynsky had contact with his victim. *See id.;* 15 M.R.S. §1092(1)(B). At trial, the jurors watched a video of the alleged contact and also heard testimony from the victim and a prison guard that Bilynsky made contact with her. Based on this record and viewing the evidence in the light most favorable to the State, we conclude the jury rationally could have found beyond a reasonable doubt every element of the crime charged. *See Dorweiler*, 2016 ME 73, ¶ 6, 143 A.3d 114.

The entry is:

Judgment affirmed.

Lawrence C. Winger, Esq., Portland, for appellant Christopher N. Bilynsky

Kathryn Slattery, District Attorney, and Shira S. Burns, Asst. Dist. Atty., Prosecutorial District 1, Alfred, for appellee State of Maine

York County Unified Criminal Docket docket numbers CR-2018-577 & CR-2018-824
FOR CLERK REFERENCE ONLY